1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COREY MITCHELL, | ) Case No. CV 23-3241-CAS (JPR) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER SUMMARILY DISMISSING |
| | ) PETITION FOR WRIT OF HABEAS |
| | ) CORPUS |
| TRENT ALLEN, Warden, | ) |
| | ) |
| Respondent. | ) |

On April 27, 2023, Petitioner filed a Petition for Writ of Habeas Corpus, challenging his 2004 sentence in Los Angeles County Superior Court for carjacking and related crimes. (See Pet., ECF No. 1 at 2.) His various claims essentially boil down to this: his sentence was recalled by the superior court while his case was on appeal; notice of his modified judgment, which increased his sentence by 16 years, was never transmitted to either his appellate counsel or the court of appeal; and therefore his modified judgment has never been reviewed.[1] (See

---

[1] At times in the Petition and its supporting Memorandum of Points and Authorities, Petitioner frames his claims as challenging procedural errors the state courts allegedly made in considering his recalled-sentence claim when he raised it in those courts. (See, e.g., Pet., ECF No. 1 at 5-6.) But such state-law procedural claims are generally not cognizable on

1

1   Pet., Mem. P & A., ECF No. 1 at 9-15.)

2        This is not Petitioner's first federal habeas petition,

3   however.  On January 10, 2012, the Court denied on the merits his

4   first such petition, in case number CV 08-2747-CAS (FFM).  And on

5   September 25, 2020, the Court summarily denied a second,

6   successive petition challenging the same judgment and modified

7   judgment, in which Petitioner raised the same claim he brings

8   here, among others.  See Mitchell v. Atchley, No. 20-8636-CAS

9   (JPR) (C.D. Cal. filed Sept. 18, 2020); see id., Pet. & Mem. P. &

10  A. (raising same claim he raises here), ECF Nos. 1 at 3 & 2 at 2-

11  5.  On January 14, 2022, the Ninth Circuit Court of Appeals

12  denied Petitioner's request for a certificate of appealability in

13  that case, finding that he had not shown that it was debatable

14  that this Court was wrong in dismissing the 2020 petition as

15  successive.  Id., Order, ECF No. 9.

16       The Antiterrorism and Effective Death Penalty Act provides:

17       (b)(1) A claim presented in a second or successive habeas

18       corpus application under section 2254 that was presented

19       in a prior application shall be dismissed.

20       (2) A claim presented in a second or successive habeas

21       corpus application under section 2254 that was not

22       presented in a prior application shall be dismissed

23       unless--

24

25  federal habeas review.  See, e.g., Franzen v. Brinkman, 877 F.2d
    26, 26 (9th Cir. 1989) (per curiam) (holding that "a petition
26  alleging errors in the state post-conviction review process is
    not addressable through habeas corpus proceedings" in federal
27  court).  In any event, as explained herein, to be able to raise
    any claims in this Court, Petitioner would first need permission
28  from the Ninth Circuit Court of Appeals to proceed with a
    successive petition.

1          (A) the applicant shows that the claim relies on a

2          new rule of constitutional law, made retroactive to

3          cases on collateral review by the Supreme Court,

4          that was previously unavailable; or

5          (B)(i) the factual predicate for the claim could

6          not have been discovered previously through the

7          exercise of due diligence; and

8          (ii) the facts underlying the claim, if proven and

9          viewed in light of the evidence as a whole, would

10         be sufficient to establish by clear and convincing

11         evidence that, but for constitutional error, no

12         reasonable factfinder would have found the

13         applicant guilty of the underlying offense.

14      (3)(A) Before a second or successive application

15      permitted by this section is filed in the district court,

16      the applicant shall move in the appropriate court of

17      appeals for an order authorizing the district court to

18      consider the application.

19   28 U.S.C. § 2244(b).

20      The Petition is successive within the meaning of § 2244(b)

21   because it challenges the same judgment and modified judgment as

22   Petitioner's first petition, which was denied on the merits.

23   Indeed, it's also successive to Petitioner's second petition,

24   which raised the same claim he brings here and as to which the

25   Ninth Circuit denied a certificate of appealability on the issue

26   of whether the petition was successive.  Under § 2244(b), then,

27   Petitioner was required to secure an order from the Ninth Circuit

28   authorizing this Petition's filing before he filed it.  <u>See</u>

<u>Cooper v. Calderon</u>, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).  A review of the Ninth Circuit's docket indicates that he has not obtained such an order; indeed, he apparently has never even requested one.

Because it is successive and unauthorized, the Petition is SUMMARILY DISMISSED without prejudice to its refiling should Petitioner obtain the necessary permission from the Ninth Circuit.  <u>See</u> R. 4, Rs. Governing § 2254 Petitions in U.S. Dist. Cts. ("If it plainly appears . . . that the petitioner is not entitled to relief . . . the judge must dismiss the petition . . . .").

IT IS SO ORDERED.


DATED: May 15, 2023

_____
CHRISTINA A. SNYDER
U.S. DISTRICT JUDGE

Presented by:

_____
JEAN ROSENBLUTH
U.S. Magistrate Judge